**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

| |
|---|
| COALITION OF AMERICAN MANUFACTURERS OF MOBILE ACCESS EQUIPMENT, |
| Plaintiff, |
| v. |
| UNITED STATES, |
| Defendant. |

Before: Hon. _____

Court No. 24-00219

## COMPLAINT

Plaintiff, the Coalition of American Manufacturers of Mobile Access Equipment ("Plaintiff" or "Coalition"), by and through its attorneys, alleges and states as follows:

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1.      Plaintiff brings this Complaint to contest aspects of the final results issued by the U.S. Department of Commerce ("Commerce") in the administrative review covering the period April 13, 2022 through March 31, 2023 of the antidumping duty order on *Certain Mobile Access Equipment and Subassemblies Thereof from the People's Republic of China*.  The final results were issued on November 4, 2024 and published in the *Federal Register* on November 8, 2024. *See Certain Mobile Access Equipment and Subassemblies Thereof From the People's Republic of China*, 89 Fed. Reg. 88,730 (Dep't Commerce Nov. 8, 2024) (final results of antidumping duty admin. rev.; 2022-2023) ("*Final Results*") and accompanying Issues and Decision Memorandum ("Final I&D Memo").

Ct. No. 24-00219

## JURISDICTION

2.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c), as this action is commenced under sections 516A(a)(2)(A)(i)(I) and (B)(iii) of the Tariff Act of 1930, *as amended*. 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) & (B)(iii).

## STANDING

3.      Plaintiff is an association of domestic mobile access equipment producers and therefore is an interested party within the meaning of 19 U.S.C. §§ 1516a(f)(3) and 1677(9)(F). Plaintiff was the petitioner in the original investigation of this proceeding and participated in the administrative review that is the subject of this appeal. Accordingly, Plaintiff has standing to commence this action pursuant to 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

## TIMELINESS OF ACTION

4.      Plaintiff commenced this action by filing a Summons on December 6, 2024, which was within 30 days after the date of publication of the final results in the *Federal Register*. Summons (December 6, 2024), ECF No. 1. Plaintiff is filing this Complaint within 30 days of filing the Summons. The Summons and Complaint are therefore timely filed pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and Rules 3(a)(2) and 6(a) of this Court.

## HISTORY OF THE ADMINISTRATIVE PROCEEDING

5.      On June 12, 2023, Commerce published its notice of initiation of an administrative review of the antidumping duty order on *Certain Mobile Access Equipment and Subassemblies Thereof from the People's Republic of China* for the period of review from April 13, 2022 to March 31, 2023. *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 88 Fed. Reg. 38,021 (Dep't Commerce June 12, 2023).

Ct. No. 24-00219

6.    Throughout the underlying administrative review, Commerce examined Zhejiang Dingli Machinery Co., Ltd. ("Dingli") as the lone mandatory respondent and, ultimately, the only Chinese producer or exporter subject to this review.  *See Certain Mobile Access Equipment and Subassemblies Thereof From the People's Republic of China*, 89 Fed. Reg. 35,067 (Dep't Commerce May 1, 2024) (prelim. results and partial rescission of antidumping duty admin. rev.; 2022-2023) ("*Prelim Results*") and accompanying Preliminary Decision Memorandum at 2-3 ("Prelim Decision Memo").  Dingli filed its initial questionnaire responses in August and September 2023.  Prelim Decision Memo at 3.  Between October 2023 and March 2024, Dingli submitted supplemental questionnaire responses to Commerce.  *Id.*

7.    Consistent with its normal practice in antidumping duty proceedings concerning non-market economies, including China, Commerce's questionnaires requested information on, *inter alia*, the factors of production used in the production of the mobile access equipment merchandise under consideration.  *See id.* at 3, 21-26.  Commerce also solicited and collected information from interested parties, including the Coalition and Dingli, regarding the selection of surrogate value data to be used to value Dingli's factors of production, such as for ocean freight and various inputs.  *See id.*

8.    Commerce issued its preliminary results on April 26, 2024, which were published on May 1, 2024.  *Prelim Results*, 89 Fed. Reg. at 35,067.  Commerce preliminarily calculated an antidumping duty rate of 9.33% for Dingli.  *Id.* at 35,068.  In its preliminary calculations, Commerce relied exclusively on data provided by the Coalition from its "preferred source, Descartes" to value Dingli's international ocean freight expenses.  Prelim Decision Memo at 25. Commerce did not rely on the Descartes, Drewry, or Freightos ocean freight data submitted by Dingli.  *See id.*  For other factors of production, Commerce identified a number of direct and

Ct. No. 24-00219

auxiliary material inputs considered to be most important in the production of mobile access equipment. *See id.* at 9-11. Commerce relied on a combination of Bulgarian and Turkish import data provided by the Coalition and Dingli to value the respondent's various inputs, including motor controllers (MOTOR_CONTROLLER), hot-rolled and cold-rolled steel tubes (ST_HCROLL_TUBE), rectangular steel tubes (ST_RECT_TUBE), brakes (BRAKE), steel forearms (FOREARM_ST_ARTICLE), wheels (WHEEL), paint powder (A_PAINT_POWDER), circuit breakers (CIRCUIT_BREAKER), steel plates with a thickness of between 3.00 and 4.75 mm (ST_PLATE_3TO4_75), and steel plates with a thickness greater than 10 mm (ST_PLATE_OVER10). *See id.* at 9-10.

9.     Following the issuance of the preliminary results, parties filed case and rebuttal briefs in June 2024. Final I&D Memo at 2. The Coalition submitted a case brief identifying a number of issues for Commerce to address in reaching its final results. Letter from Wiley Rein LLP to Sec'y Commerce, re: *Certain Mobile Access Equipment and Subassemblies Thereof from the People's Republic of China: Case Brief* (June 5, 2024). The Coalition argued *inter alia* that Commerce incorrectly calculated the surrogate values for motor controllers, hot-rolled and cold-rolled steel tubes, rectangular steel tubes, brakes, steel forearms, wheels, paint powder, circuit breakers, steel plates with a thickness of between 3.00 and 4.75 mm, steel plates with a thickness greater than 10 mm, and other inputs, including gear pumps, GPS modules, hydraulic filters, indicator lights, lithium batteries, various plastic materials, roller brackets, and cold-rolled plate with a thickness less than 3 mm. *See id.* at 15-21, 25-43. In particular, the Coalition argued that Commerce had improperly valued these inputs by collapsing distinct inputs under a single variable, ignored and refused to consider record evidence that the surrogate value data provided

Ct. No. 24-00219

by the Coalition are more specific to the inputs in question than those submitted by Dingli, and failed to fully examine the surrogate value data on the record.  *See id.*

10.    The Coalition also filed a rebuttal brief responding to the arguments raised by Dingli in its case brief.  Final I&D Memo at 2.  Notably, the Coalition argued that Commerce should continue to value international ocean freight using the Descartes data provided by the Coalition, as the Coalition's data satisfied all of the agency's established surrogate value criteria, whereas the Descartes, Drewry, and Freightos data provided by Dingli did not.  *Id.* at 35.

11.    Commerce issued its final results on November 4, 2024, which were published on November 8, 2024.  *Final Results*, 89 Fed. Reg. at 88,730.  The agency made various changes to its final calculations, and Commerce responded to a number of the arguments raised by the Coalition and Dingli in their case and rebuttal briefs.  *See* Final I&D Memo at 4-71.  With respect to Dingli's factors of production, Commerce rejected many of the arguments raised by the Coalition and refused to rely on the surrogate value data proposed by the Coalition for many of Dingli's inputs.  *See id.* at 46-71.  Additionally, with regard to international ocean freight expenses, Commerce chose to rely only on the Descartes, Drewry, and Freightos data submitted by Dingli to value the respondent's ocean freight costs, instead of the Descartes data provided by the Coalition, which the agency had used exclusively in its preliminary calculations.  *See id.* at 35-40.  As a result of these and other findings, Commerce calculated a final antidumping duty rate of 12.39% for Dingli.  *Final Results*, 89 Fed. Reg. at 88,730.

## CLAIMS AND BASES FOR RELIEF

### Count I

12.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 11.

Ct. No. 24-00219

13.    Commerce's determination not to rely on the Coalition's Descartes data to value Dingli's international ocean freight expenses, and instead to rely on Dingli's Descartes, Drewry, and Freightos data, is unsupported by substantial evidence and not in accordance with law.

### Count II

14.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 13.

15.    Commerce's determination to reject the Coalition's surrogate value data and arguments to value Dingli's motor controller inputs is unsupported by substantial evidence and not in accordance with law.

### Count III

16.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 15.

17.    Commerce's determination to reject the Coalition's surrogate value data and arguments to value Dingli's hot-rolled and cold-rolled steel tube inputs is unsupported by substantial evidence and not in accordance with law.

### Count IV

18.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 17.

19.    Commerce's determination to reject the Coalition's surrogate value data and arguments to value Dingli's rectangular steel tube inputs is unsupported by substantial evidence and not in accordance with law.

### Count V

20.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 19.

21.    Commerce's determination to reject the Coalition's surrogate value data and arguments to value Dingli's brake inputs is unsupported by substantial evidence and not in accordance with law.

### Count VI

22.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 21.

23.    Commerce's determination to reject the Coalition's surrogate value data and arguments to value Dingli's steel forearm inputs is unsupported by substantial evidence and not in accordance with law.

### Count VII

24.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 23.

25.    Commerce's determination to reject the Coalition's surrogate value data and arguments to value Dingli's wheel inputs is unsupported by substantial evidence and not in accordance with law.

### Count VIII

26.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 25.

27.    Commerce's determination to reject the Coalition's surrogate value data and arguments to value Dingli's paint powder inputs is unsupported by substantial evidence and not in accordance with law.

### Count IX

28.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 27.

29.    Commerce's determination to reject the Coalition's surrogate value data and arguments to value Dingli's circuit breaker inputs is unsupported by substantial evidence and not in accordance with law.

### Count X

30.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 29.

Ct. No. 24-00219

31.    Commerce's determination to reject the Coalition's surrogate value data and arguments to value Dingli's steel plate inputs with a thickness of between 3.00 and 4.75 mm was unsupported by substantial evidence and not in accordance with law.

## Count XI

32.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 31.

33.    Commerce's determination to reject the Coalition's surrogate value data and arguments to value Dingli's steel plate inputs with a thickness greater than 10 mm was unsupported by substantial evidence and not in accordance with law.

## Count XII

34.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 33.

35.    Commerce's determination to reject the Coalition's surrogate value data and arguments to value Dingli's other inputs, including gear pumps, GPS modules, hydraulic filters, indicator lights, lithium batteries, various plastic materials, roller brackets, and cold-rolled plates with a thickness less than 3 mm, was unsupported by substantial evidence and not in accordance with law.

## <u>REQUEST FOR JUDGMENT AND RELIEF</u>

For the reasons stated in this Complaint, Plaintiff respectfully requests that the Court:

1)    Hold that aspects of aspects of Commerce's final results in the aforementioned administrative review of the antidumping duty order on *Certain Mobile Access Equipment and Subassemblies Thereof from the People's Republic of China* are not supported by substantial record evidence and are otherwise not in accordance with law; and

**Ct. No. 24-00219**

2)    Remand the final results to Commerce for disposition consistent with the Court's

final opinion; and

3)    Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Timothy C. Brightbill*
Timothy C. Brightbill, Esq.
Laura El-Sabaawi, Esq.
Theodore P. Brackemyre, Esq.

**WILEY REIN LLP**
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel for the Coalition of American*
*Manufacturers of Mobile Access Equipment*

Dated:  January 3, 2025

## CERTIFICATE OF SERVICE

PUBLIC SERVICE

***Coalition of American Manufacturers of Mobile Access Equipment v. United States***
**Court No. 24-00219**

I certify that a copy of this public submission was served on the following parties, via certified mail and electronic service, on January 3, 2025.

*/s/ Theodore P. Brackemyre*
Theodore P. Brackemyre, Esq.

Attorney in Charge
International Trade Field Office
**U.S. Department of Justice**
Civil Division
Room 346, Third Floor
26 Federal Plaza
New York, NY 10278

Supervising Attorney
Civil Division – Commercial
Litigation Branch
**U.S. Department of Justice**
P.O. Box 480
Ben Franklin Station
Washington, DC 20044

General Counsel
**U.S. Department of Commerce**
14th Street and Constitution Ave. NW
Washington, DC 20230

Ned H. Marshak, Esq.
**Grunfeld Desiderio Lebowitz Silverman Klestadt, LLP**
1201 New York Avenue NW, STE 650
Washington DC 20005

Brady W. Mills, Esq.
**Morris, Manning & Martin, LLP**
1333 New Hampshire Avenue, NW
Suite 800
Washington, DC 20036

Matthew J. McConkey, Esq.
**Mayer Brown, LLP**
1999 K Street, NW
Washington, DC 20006-1101